UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRANDI L. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> ASHWOOD FINANCIAL, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:19-cv-02280 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BRANDI L. JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of ASHWOOD FINANCIAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4.  Plaintiff is a consumer over-the-age of 18 residing in Kankakee County, Illinois, which is within the Central District of Illinois.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  Defendant advertises itself as "a Nationwide Collection Agency."[1] Defendant is a corporation organized under the laws of the State of Indiana with its principal place of business located at 6325A S. East St., Indianapolis, Indiana 46227. Defendant regularly collects from consumers in the State of Illinois.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION.

9.  The instant action stems from Defendant's attempts to collect upon a defaulted debt ("subject debt") that Plaintiff purportedly owes to the Department of Transportation.

10. Around April 2019, Plaintiff began receiving calls from Defendant to her cellular phone, (815) XXX-7032.

---

[1] http://www.ashwoodfinancial.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7032. Plaintiff is and always had been financially responsible for the cellular phone and its services.

12. Defendant mainly used the phone number (317) 633-6633 when placing calls to Plaintiff, but upon belief, it may have used other numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above referenced phone number ending in -6633 during its debt collection activities.

14. Plaintiff has been subjected to pre-recorded messages upon answering collection calls from Defendant.

15. Due to the incessant volume and persistent nature of Defendant's collection calls, Plaintiff demanded that Defendant stop contacting her cellular phone.

16. Despite Plaintiff's demands, Defendant continued to persistently call her cellular phone through the filing of the instant action.

17. Defendant repeatedly placed multiple phone calls to Plaintiff's cellular phone on the same day.

18. Plaintiff has received not less than 30 calls from Defendant since asking it to stop contacting her.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

25. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent that Defendant *may* have had to contact Plaintiff using pre-recorded messages was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRANDI L. JOHNSON respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

30. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

31. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

32. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through pre-recorded messages when she demanded that it stop calling her. Defendant ignored Plaintiff's

demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

33. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

34. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

35. As pled in paragraphs 19 through 21, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

36. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts.  Defendant was notified by Plaintiff that she did not wish to receive any more phone calls and that Defendant cease contacting her.  Yet, Plaintiff was still bombarded with collection phone calls from Defendant. The onslaught of phone calls and other collection efforts was an attempt by Defendant to harass Plaintiff into submission. After the conversation in which Plaintiff notified Defendant that that she did not wish to be contacted, Defendant had more than enough information to know that it should not continue calling her.  Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief,

Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, BRANDI L. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 18, 2019

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com